**SO ORDERED.**

**SIGNED this 31st day of May, 2023.**



_____
Mitchell L. Herren
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS

| In re:<br><br>DOCUPLEX, INC.<br><br>DEBTOR. | CASE NO.: 22-10734-11 |
|---|---|

### ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED MARCH 28, 2023, *AS MODIFIED*

This matter came before the Court on May 31, 2023, for hearing on the Amended Plan of Reorganization Dated March 28, 2023, Doc. No. 174 ("Plan") filed by the Debtor. David Prelle Eron appeared on behalf of the Debtor, Docuplex, Inc. Matthew Barberich appeared as the Subchapter V Trustee. Richard A. Kear appeared on behalf of the United States Trustee ("UST"). Scott M. Hill appeared on behalf of secured creditor Equity Bank ("Equity"). Brian Vanorsby appeared on behalf of creditor the United States Small Business Administration. Gina Cherry (aka Gina Divine) appeared as the Debtor's CFO and testified in support of the Plan.

One objection was filed to the Plan by the UST, Doc. No. 188 ("Objection"). The Objection has been resolved by the terms of this Order. After hearing statements of counsel,

hearing the testimony of the Debtor's CFO, and considering the record herein, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over the Debtor's Chapter 11 case. 28 U.S.C. §§ 157, 1334. Venue is proper. 28 U.S.C. §§ 1408, 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. On March 28, 2023, the Debtor filed the Plan, which identifies the Debtor as the proponent in compliance with Federal Rule of Bankruptcy Procedure 3016(a).

3. In accordance with Federal Rule of Bankruptcy Procedure 3017.2, the Court fixed the date for all creditors to vote on the Plan and/or file objections to the Plan as May 10, 2023 (see Doc. No. 176). The Court also fixed May 31, 2023, at 9:00 a.m., as the initial date and time for hearing on the Plan. On March 30, 2023, Debtor distributed the Plan and ballot conforming to Official Form 14 to all holders of claims and interests and other parties in interest in accordance with Federal Rule of Bankruptcy Procedure 3017.2(d) and filed certification of such distribution with the Court (see Doc. No. 178).

4. No objections were filed to the Plan other than the Objection, which has been resolved as set forth below.

5. On May 11, 2023, Debtor filed its Certificate of Voting (Doc. No. 189). The Certificate reflected that four ballots were timely cast in Classes 3 and 5. All ballots cast accepted the Plan. All classes have accepted the Plan or are deemed to have accepted the Plan by the lack of votes in a class or because the class is unimpaired.

6. The Plan, as modified herein, complies with all the provisions of 11 U.S.C. §§ 1190, 1191, and 1129(a).

7. The Plan has been proposed in good faith and not by any means forbidden by law.

8. Any payment made or to be made by the Debtor as proponent of the Plan or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been disclosed to the Court and is reasonable; any such payment to be fixed after confirmation of the Plan is subject to the approval of the Court as to its reasonableness.

9. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer or voting trustee, if any, of the Debtor, and the appointment to or continuance in such office of such individual is consistent with the interests of creditors and equity security holders and with public policy.

10. No governmental regulatory commission has jurisdiction, after confirmation of the plan, over the rates of the Debtor.

11. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive and retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

12. Except to the extent that that holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in § 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, or such later date as the claim

may be allowed, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

13. With respect to claims of a kind specified in §507(a)(8), the Plan provides that the holders of such claims will receive on account of such claims regular installment payments in cash of a total value as of the Effective Date of the Plan equal to the allowed amount of such claims over a period ending not later than 5 years after the date of the order for relief, or the holders of such claims have specifically accepted an alternative treatment as set forth in the Plan.

14. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

15. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

16. Debtor has provided an adequate means for the Plan's implementation, and the Plan is otherwise feasible.

17. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of §5 of the Securities Act of 1933 (15 U.S.C. §§ 77e).

18. As a Subchapter V case, no fees are payable under 28 U.S.C. § 1930.

19. The Debtor has not obligated itself to provide retiree benefits, as that term is defined in 11 U.S.C. § 1114; consequently, Section 1129(a)(13) of the Bankruptcy Code does not apply.

THEREFORE, IT IS HEREBY:

ORDERED that the Plan is hereby CONFIRMED as modified herein.

FURTHER ORDERED that the following shall be added to and made a part of the treatment of Class 5 under the Plan:

Debtor presently has an allowed unsecured claim in the Chapter 11 case filed by Jay Ewy, Case No. 23-10365 in the amount of $533,221.43 ("Claim"). The value of the Claim is uncertain but is between $0.00 and $533,221.43. The distribution that Debtor receives, if any, from the Claim, will impact the proposed distributions to Class 5 as it may increase Debtor's Disposable Income. To the extent that any Claim proceeds increase the amount to be paid to Class 5 as Disposable Income, Debtor shall use such Claim proceeds to make such increased distribution. Except to the extent distributed to Class 5 as Disposable Income, all other proceeds from the Claim shall be held by the Debtor in a separate bank account, which shall not be used by the Debtor or commingled with other funds until the final payment to the Class 5 claims. If, after the final payment of Disposable Income to Class 5 has been made (i.e. January 31, 2026), the total Claim proceeds would have resulted in a higher payment to the holders of the Class 5 claims in a chapter 7 liquidation, Debtor shall utilize the remaining Claim proceeds to make such additional distribution to Class 5 as would have been made in a chapter 7 case ("Equalization Payment"). Thereafter, Debtor shall be authorized to use such remaining Claim proceeds, if any, as were not utilized in making the Equalization Payment, if any.

FURTHER ORDERED that the second sentence of Class 3, paragraph 2 (The Paydown) shall be modified to correct an erroneous description of the Mortgage, so that it shall now read, in part, as follows:

b) the liquidation of the Exec U Store condos owned by Black Kettle ("Condos") against which Equity holds a Commercial Real Estate Mortgage recorded on August 1, 2012, as

modified by the Modification of Mortgage recorded on January 11, 2019 (collectively the "Mortgage"), . . . .

FURTHER ORDERED that after confirmation, and until the Court enters a Final Decree, the Debtor must file with the Court and serve on the U.S. Trustee a quarterly disbursement report for each quarter, or portion thereof, in a format prescribed by and provided to the Debtor by the U.S. Trustee.

FURTHER ORDERED that professionals for the Debtor's Estate shall continue filing applications for administrative expenses and applications for approval of fees and expenses under § 506(b) until entry of a Final Decree herein.

FURTHER ORDERED that Debtor and counsel for Debtor are authorized to take all reasonable actions necessary to carry out the provisions of the Plan and this Order.

FURTHER ORDERED that the Plan is confirmed as a consensual Plan and entry of this Order shall constitute a discharge under the terms of 11 U.S.C. §1141(d)(1)(A).

FURTHER ORDERED that The Court shall retain jurisdiction of this case pursuant to the provisions of the Bankruptcy Code until the proceedings are closed.

**IT IS SO ORDERED.**
###

**Respectfully Submitted by:**

PRELLE ERON & BAILEY, P.A.
Attorneys for Debtor

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net

**Approved by:**

HITE, FANNING & HONEYMAN, L.L.P.
Attorneys for Creditor Equity Bank

*/s/ Scott M. Hill*
SCOTT M. HILL #21166
100 North Broadway, Suite 950
Wichita, KS 67202
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-Mail: hill@hitefanning.com


ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

*/s/ Richard A. Kear*
RICHARD A. KEAR, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6213 (phone)
Richard.Kear@usdoj.gov


KATE E. BRUBACHER
United States Attorney, District of Kansas

*/s/ Brian E. Vanorsby*
BRIAN E. VANORSBY, #27606
Assistant United States Attorney
1200 Epic Center
301 N. Main
Wichita, Kansas 67202-4812
PH: 316-269-6481/FX: 316-269-6484
Email: brian.sheern@usdoj.gov
Attorneys for the United States of America